NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HUGO JOSE MARTINEZ
SOLIS; H.Y.M.L.; DIANA RUBI LOPEZ
RECINOS; S.J.M.L,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-2379

Agency Nos.
A220-306-391
A220-306-384
A220-306-392
A220-306-385

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted July 10, 2024
San Francisco, California

Before: FRIEDLAND, MENDOZA, and DESAI, Circuit Judges.

Petitioners Hugo Jose Martinez Solis (Hugo); his wife, Diana Rubi Lopez

Recinos (Diana); and their two children, all citizens of Guatemala, seek review of a

decision by the Board of Immigration Appeals (BIA) affirming the Immigration

Judge's (IJ) denial of their applications for asylum, withholding of removal, and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

protection under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252.  When, as here, "the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Soriano-Vino v. Holder*, 653 F.3d 1096, 1099 (9th Cir. 2011) (quotation marks and citation omitted).  Reviewing the BIA's factual findings for substantial evidence and its legal conclusions de novo, *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we grant the petition in part and remand.

    1.     With respect to Diana's asylum and withholding of removal claims, the BIA found that the harm Diana faced at the hands of her classmates did not rise to the level of persecution, and that the attempted rape she experienced as a child was not motivated "even in part" by a protected ground.  However, Diana credibly testified that she suffered discriminatory conduct, attempted rape, and attempted murder, all by perpetrators who voiced slurs about her race.  Therefore, the IJ's determination and the BIA's affirmance that Diana merely experienced "discrimination and teasing" is not "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *See Prasad v. I.N.S.*, 47 F.3d 336, 338 (9th Cir. 1995).  Although the attacks did not leave any lasting

---

[1] Hugo and Diana each filed individual applications identifying the rest of their family as derivative beneficiaries.  *See* 8 U.S.C. § 1158(b)(3)(A).

physical injuries, our law has never imposed such a requirement. *See Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018) ("[A] beating 'may constitute persecution, even when there are no long-term effects and the [petitioner] does not seek medical attention.'" (alteration in original and citation omitted)); *see also Mihalev v. Ashcroft*, 388 F.3d 722, 730 (9th Cir. 2004) (overturning Agency's past-persecution finding, despite petitioner's lack of "serious bodily injury"). Furthermore, we have repeatedly held that "some forms of physical violence," like the ones Diana faced, "are so extreme that even *attempts* to commit them constitute persecution." *Kaur v. Wilkinson*, 986 F.3d 1216, 1223 (9th Cir. 2021). Diana's persecutors also clearly indicated that they targeted Diana due to her identity as an indigenous Mayan Mam, leveling epithets at her before and after the attacks. *See Baballah v. Ashcroft*, 367 F.3d 1067, 1077 (9th Cir. 2003) (finding that the use of an ethnic slur during an attack "amply establishes the connection between the acts of persecution and [the petitioner's] ethnicity"). Accordingly, the record compels the conclusion that Diana faced past persecution on account of a protected ground, and we grant her petition with respect to her asylum claim.[2] And because the

---

[2] The BIA also found that Diana did not independently establish a well-founded fear of future persecution. We do not reach this issue. We instead remand for the BIA to consider whether the past harm Diana experienced was at the hands of forces that the Guatemalan government was unable or unwilling to control. *See Mashiri v. Ashcroft*, 383 F.3d 1112, 1119 (9th Cir. 2004). If the Agency determines that it was, Diana will have established past persecution, and the

withholding denial was premised on the asylum denial, we also remand for further proceedings on Diana's withholding claim.[3]

2.    With respect to Hugo's asylum and withholding of removal claims, substantial evidence supports the BIA's determination that Hugo did not establish a nexus between his alleged persecution and a protected ground.  Assuming that his membership in his family is a legally cognizable social group, Hugo did not demonstrate "that any persecution was or will be *on account* of his membership in such group." *Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (per curiam). Instead, his fear of harm reflects a generalized fear of gang violence in Guatemala, which is insufficient to demonstrate eligibility for asylum and withholding of removal.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (explaining that a petitioner's "desire to be free from harassment by criminals motivated by

---

Agency will need to reconsider Diana's claim of future persecution, guided by the rebuttable "presumption that she has a well-founded fear of future persecution," on account of her identity as an indigenous Mayan Mam. *Korablina v. I.N.S.*, 158 F.3d 1038, 1043 (9th Cir. 1998).  We also note that Diana's proposed social group is "indigenous Mayan Mams," and that the IJ improperly reframed it to a narrow subset of Mayan Mams who (1) do not speak an indigenous language; (2) wear indigenous clothing, (3) were raised by non-indigenous parents, and (4) married a non-indigenous partner.  On remand, the Agency should not adopt this reframing. *Cf. Antonio v. Garland*, 58 F.4th 1067, 1074–76 (9th Cir. 2023) (remanding to the BIA where the BIA had misconstrued the petitioner's particular social group).

[3] We reject, however, Diana's claim that she experienced past persecution when gang members indirectly threatened her by telling Hugo that they would hurt his wife.  A single, indirect threat does not alone amount to persecution. *See Sharma v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021).

theft or random violence by gang members bears no nexus to a protected ground"). We therefore deny Hugo's request to review his claims for asylum and withholding of removal.

3.      To be eligible for CAT protection, petitioners have "the burden of establishing that [they] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [their] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020).  Substantial evidence supports the BIA's finding that Hugo failed to submit sufficient evidence to show that any future harm would be inflicted with the requisite degree of state action. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("Evidence that the police were aware of a particular crime, but failed to bring the perpetrators to justice, is not in itself sufficient to establish acquiescence in the crime.").  Dr. Golob's report does not compel a contrary conclusion; although it explains that police are often corrupt and work with the gangs, it also indicates that police are sometimes simply unable to control them.  The record also does not compel the conclusion that Diana has established that she is more likely than not to experience future harm that rises to the level of torture.  Accordingly, we affirm the BIA's denial of Petitioners' claims for CAT relief.

**PETITION GRANTED IN PART AND REMANDED.**[4]

---

[4] The parties shall bear their own costs and fees on appeal.